UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY O., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 24-cv-12681 <br><br> Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**
**(ECF NOS. 10, 12)**

### A.

Plaintiff Anthony O. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for supplemental security income (SSI) under the Social Security Act. Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 10; ECF No. 12; ECF No. 15.

The administrative law judge (ALJ) found that plaintiff had the severe impairments of "lumbar and cervical degenerative disease and

osteoarthritis of the shoulders." ECF No. 7-1, PageID.40. Despite those severe impairments, the ALJ found that plaintiff had the residual function capacity (RFC) for light work, except that he was "limited to lifting and carrying 5 pounds, and he is limited to occasional reaching to chest level bilaterally. He can frequently climb ramps or stairs. He must avoid concentrated exposure to vibration, respiratory irritants, and hazards." *Id.*, PageID.41.

Plaintiff challenges the ALJ's assessment of his subjective symptoms and argues that the assessed RFC is not supported by substantial evidence because it is unsupported by an expert medical opinion. ECF No. 10. The Court finds that the ALJ's decision is supported by substantial evidence and affirms the decision.

## B.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

> sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff challenges the ALJ's evaluation of her subjective symptoms. The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms. First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms. 20 C.F.R.

3

§ 416.929(a); Social Security Ruling (SSR) 16-3p. If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms. 20 C.F.R. § 416.929(a); SSR 16-3p. In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record." SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions. 20 C.F.R. § 416.929(a). Although a plaintiff's description of her symptoms will "not alone establish that [she] is disabled," *id.*, the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence, SSR 16-3p. Without objective evidence, ALJs are to consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain. 20 C.F.R. § 416.929(c)(3).

The ALJ accurately summarized plaintiff's reported symptoms and concluded that the alleged severity and limiting effects of those symptoms differed from the record evidence. ECF No. 7-1, PageID.42-43. After

4

discussing plaintiff's medical history for his shoulder condition, the ALJ acknowledged that the evidence supported plaintiff's testimony that he could lift only five pounds to chest level. *Id.*, PageID.44. The ALJ found that greater restrictions conflicted with plaintiff's activities of daily living (ADLs) and reported improvement in shoulder pain with treatment. *Id.*

The ALJ also discussed plaintiff's medical history for his cervical spine condition. *Id.*, PageID.44-45. The ALJ found that the evidence supported limiting plaintiff's exposure to vibration but that greater restrictions were not warranted because plaintiff had "not yet had surgical intervention and he generally demonstrates full range of motion, albeit with pain, on his examinations. Further, he is able to drive which requires adequate movement of his neck to avoid hazards." *Id.* As for plaintiff's degenerative disc disease of the lumbar spine, the ALJ discussed the medical records and found that they supported restrictions on climbing ramps and stairs and exposure to hazards but were "not consistent with the inability to stand and walk at the light exertion level given the lack of focal neurological deficits." *Id.*, PageID.45.

Plaintiff disputes the ALJ's description of his ADLs. ECF No. 10, PageID.678-679. He said in his function report and during the hearing that he did not do chores, only drove and shopped in grocery stores when

5

necessary, and used a microwave to make frozen dinners and sandwiches. ECF No. 10, PageID.678-679 (citing ECF No. 7-1, PageID.61, 269-270). The ALJ's statement that plaintiff could "drive…, prepare simple meals, and, when he has to, can shop in stores," is a fair description of these ADLs. ECF No. 7-1, PageID.44. And plaintiff reportedly told the consultative examiner that he could "do light household chores," as the ALJ stated. *Id.*, PageID.472. Plaintiff highlights his testimony that he spends his day in a recliner and can only lift about five pounds, but the ALJ considered these statements rather than disregarding them. *Id.*, PageID.42, 44.

Citing *Gayheart v. Comm'r of Soc. Sec.*, plaintiff argues that his sporadic activities, like driving or shopping, do not support a finding that he could work on a sustained basis. ECF No. 10, PageID.679. The ALJ in *Gayheart* mischaracterized the plaintiff's testimony about his daily activities, suggesting that his ability to visit occasionally with family and go to the grocery store once a month undermined the treating physician's opinion that the plaintiff's social abilities were markedly impaired. 710 F.3d 365, 376-78 (6th Cir. 2013).

6

The ALJ here did not mischaracterize plaintiff's ADLs. And the issue in *Gayheart* was whether the ALJ violated the now-obsolete[2] treating physician rule by not stating good reasons for declining to give controlling weight to the opinion of a treating physician. *Id.* The good-reasons requirement does not apply here and the ALJ was not addressing the opinion of a treating physician. Rather, the ALJ said that the plaintiff's ADLs supported limiting him to lifting and carrying up to five pounds, a greater limitation that the 20-pound limit suggested by the state agency consultants. ECF No. 7-1, PageID.44, 46. The ALJ also relied on plaintiff's ability to drive to reject some of the state agency consultants' postural limitations. The was permitted to cite plaintiff's daily activities when crafting his RFC. *See Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1005 (6th Cir. 2025) ("[W]e have found this kind of reliance on a claimant's daily and sporadic activities to be problematic only when the ALJ relied *too heavily* on those activities…notwithstanding contrary record evidence."); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441-42 (6th Cir. 2017) ("The ALJ cited these activities as evidence that Shepard's testimony about the

---

[2] The treating physician rule applied to disability applications before March 27, 2017. *See Wolfe v. Comm'r of Soc. Sec.*, 16-13620, 2017 WL 6627044, at *7 n.4 (E.D. Mich. Nov. 26, 2017), *adopted*, 2017 WL 6621538 (E.D. Mich. Dec. 28, 2017).

7

severity of her symptoms and her limited lifestyle was 'not entirely credible,' not to demonstrate that she was capable of light work…Such activity may be considered in making a credibility determination regarding a claimant's asserted limitations.").

Plaintiff also disputes this analysis by the ALJ about his lumbar degenerative disc disease:

> These clinical findings, along with the observation for a guarded gait at his consultative examination but no use of an assistive device and normal strength, sensation, reflexes, and tone, supports limiting the claimant's climbing of ramps and stairs and exposure to hazards as a precautionary measure. However, the findings are not consistent with the inability to stand and walk at the light exertion level given the lack of focal neurological deficits.

ECF No. 7-1, PageID.45.  Plaintiff contends that the ALJ's summary of the objective evidence is inaccurate, as the record contains many findings of reduced motor strength, reduced strength in his upper extremities, weakness in the rotator cuff, bilateral upper extremity weakness, possible cervical radiculopathy, debilitating neck and shoulder pain, and decreased activity tolerance.  ECF No. 10, PageID.680-681 (citing ECF No. 7-1, PageID.300-301, 318, 485-486, 488, 492, 502, 598, 601, 604, 608, 611, 614. 617, 620).

Most records plaintiff cites relate to his shoulder and cervical spine conditions, not to the low back pain stemming from lumbar degenerative

8

disc disease. Plaintiff also cites records showing that he was in "obvious discomfort" and was slow to transition from seated to standing. *Id.* (citing ECF No. 7-1, PageID.513, 521, 646, 652). Although the ALJ did not discuss those exact records, he evaluated other records documenting plaintiff's low back pain, limited range of motion, and difficulty rising from a seated position. ECF No. 7-1, PageID.45. The ALJ's assessment of the medical records related to the lumbar spine appears accurate.

And the ALJ had the discretion to weigh the evidence in the record. "The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). So "[a]n ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Id.*; *see also Winans v. Comm'r of Soc. Sec.*, No. 5:22-CV-01793, 2023 WL 7622634, at *5–6 (N.D. Ohio Nov. 15, 2023) ("Far from prohibiting ALJs from directly evaluating medical evidence, the law requires it."). This Court, on the other hand, cannot "reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Hatmaker*, 965 F. Supp. at 930.

9

The ALJ's discretion to weigh the medical and non-medical evidence undermines plaintiff's argument that the ALJ erred by concluding that the record did not show an "inability to stand and walk at the light exertion level given the lack of focal neurological deficits." ECF No. 10, PageID.682. He complains that the ALJ "played doctor" by dictating that plaintiff must produce evidence of neurological abnormalities to justify greater standing and walking limitations. *Id.* But plaintiff *does* bear the burden of producing evidence to support his claim that he needs a more restrictive RFC. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). In the only opinions in the record on the issue, two state agency consultants concluded that plaintiff had the ability to walk "[a]bout 6 hours in an 8 hour workday," which aligns with light work. ECF No. 7-1, PageID.92, 102; Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-*6 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). The ALJ also relied on evidence that plaintiff needed no assistive device to walk, and had normal strength, sensation, reflexes, and tone. ECF No. 7-1, PageID.45.

Plaintiff argues that no expert medical opinion matches the RFC, noting that the ALJ did not adopt the opinions of the state agency consultants. ECF No. 10, PageID.683-684 (citing, e.g., *Allen v. Comm'r of*

10

*Soc. Sec.*, No. 12-15097, 2013 WL 5676254, at *15 (E.D. Mich. Sept. 13, 2013)).  The consultants found that plaintiff could perform light work and frequent postural maneuvers with other limitations, including occasional overhead reaching and no concentrated exposure to vibration and hazards. ECF No. 7-1, PageID.92-94, 102-103.  The ALJ found those opinions partially persuasive, noting that the evidence supported restricting plaintiff to lifting only five pounds to chest level given that he had shoulder surgery after the opinions were rendered.  *Id.*  The ALJ also concluded that the medical evidence conflicted with most of the postural limitations included in the opinions.  *Id.*  The ALJ otherwise adopted the state agency physicians' opinions limiting plaintiff to light work, frequent climbing of ramps or stairs, and avoiding exposure to vibration and hazards.  *Id.*

The ALJ committed no error when she assessed plaintiff's RFC without relying on an identical medical opinion.  *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

11

In sum, although the record might support a finding that plaintiff was disabled, substantial evidence in the record supports the ALJ's decision, so the Court finds no reversible error.

## C.

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 10), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 12), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

Dated: November 26, 2025

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2025.

s/Davon Allen  
DAVON ALLEN  
Case Manager